

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Esco Walter
County Attorney
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. 0-2970
Re: Can Roy C. Fuller continue
to act as purchasing agent
for Taylor County for the
next two years under the
facts set forth?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"At a regular session of the Taylor County Commissioners' Court on December 9, 1940, the Commissioners' Court employed one Roy C. Fuller as purchasing agent for Taylor County for the next two years.

"On January 1, 1941, Roy C. Fuller's brother-in-law will take office as county commissioner of Precinct No. 2 in Taylor County, and will at that time be a member of the Commissioners' Court of this county. Can Roy C. Fuller continue to act as purchasing agent for Taylor County for the next two years, or would that be a violation of the nepotism law, which is Article 432 of the Penal Code.

"I am enclosing herewith a copy of the nepotism law and references to Attorney General's opinions on nepotism. It appears to me that under Attorney General's Opinion No. 467 there would be no violation of the nepotism law. What is your opinion about this question?"

Your inquiry as presented to this department involves the question of whether the nepotism law of this state will be violated under the above stated facts which raises another question that requires this department to pass upon before considering the original question. The question raised is: Does Taylor County have the legal right and authority to employ a purchasing agent for said county? We think not.

Article 1580 of Vernon's Annotated Civil Statutes provides:

"The commissioners court may appoint an agent or agents to make any contract on behalf of the county for the erection or repairing of any county buildings, and to superintend their erection or repairing, or for any other purpose authorized by law. The contract or acts of such agent or agents, duly executed and done, for and on behalf of the county, and within his or their powers, shall be valid and effectual to bind such county to all intents and purposes."

In 1933 the 43rd Legislature passed an act, page 11, chapter 9, authorizing the appointment of a purchasing agent in counties having a population of more than one hundred thousand (100,000) inhabitants, and less than one hundred, fifty thousand (150,000) inhabitants, and having a city of a population in excess of one hundred thousand (100,000) inhabitants. This act was amended by the 45th Legislature in 1937, page 599, chapter 301. This act provides for the appointment of purchasing agents in counties having a population of more than one hundred thousand (100,000) inhabitants and not less than one hundred, fifty thousand (150,000) inhabitants as shown by the latest United States Census, and containing two cities of fifty thousand (50,000) inhabitants or more each, as shown by the latest United States Census. This act further sets forth the compensation, duties, etc. of the purchasing agent in said counties.

In 1939 the 46th Legislature passed a similar act, Special Laws, page 602, authorizing the appointment of purchasing agents in counties having a population of more than one hundred, forty thousand (140,000) inhabitants and less than two hundred, ninety thousand (290,000) inhabitants, according to the last preceding Federal Census and wherein is situated an incorporated city having a population in excess of one hundred and forty thousand (140,000) inhabitants according to the last preceding Federal Census. This act further sets out the duties, compensation, etc. of the purchasing agents.

With reference to the above mentioned acts authorizing the appointment of purchasing agents it is to be noted that this department is not passing upon the constitutionality of said acts.

It will be noted that Article 1645a-1, Vernon's Annotated Civil Statutes provides that the County Auditor in counties having a certain population shall be the purchasing agent of said counties. In this connection, we call your attention to our Opinion No. 0-1748, which holds Article 1645a-1 unconstitutional. A copy of this opinion is enclosed for your information.

It is apparent that the Legislature did not think that Article 1580, supra, authorized the appointment of a county purchasing agent or it would not have passed the above mentioned act authorizing the appointment of such in certain counties.

Counties, being component parts of the State, have no powers or duties except those which are fully set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' court, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties. Edwards County vs. Jennings, 33 SW 585; Texas Jurisprudence, Vol. 11, page 563.

Commissioners' courts are courts of limited jurisdiction, and their authority extends only to matters pertaining to the general welfare of their respective counties and their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and the statutes of the State. (Texas Jurisprudence, Vol. 11, page 565, and authorities cited).

According to the 1940 Federal Census, Taylor County has a population of forty-four thousand, one hundred, ninety-three (44,193) inhabitants and does not come within any of the above mentioned statutes authorizing the appointment of a purchasing agent. We find no statute or other authority expressly or impliedly authorizing the commissioners' court of Taylor County to appoint or employ a purchasing agent. Therefore, you are respectfully advised that it is the opinion of this department that Taylor County, acting through its commissioners' court does not have the legal right or authority to employ or appoint a county purchasing agent. Therefore, the question as presented in your inquiry, becomes moot.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours
ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By

Ardell Williams
Assistant

AW:AW/cg
ENCLOSURE

APPROVED DECEMBER 18, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee, By BWB
Chairman